UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN T.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C23-634-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found depressive disorder is a severe impairment; hypertension; Tachy-Brady syndrome, and obesity are nonsevere impairments; none of the impairments meet the requirements of a listed impairment; Plaintiff retains the residual functional capacity (RFC) to perform a full range of work limited to superficial and occasional contact with the general public and superficial interaction with coworkers; and, Plaintiff cannot perform past work but is not disabled because he can perform other jobs that exist in the national economy.

Plaintiff contends the Court should reverse the ALJ's decision because the ALJ failed to address the opinion of Pamela J. Dekeyser, ARNP, and the medical record shows Plaintiff cannot perform substantial gainful activity. Dkt. 12.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING - 1

For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

**A.     Pamela J. Dekeyser, ARNP**

ARNP Dekeyser saw Plaintiff on January 19, 2022, and wrote a letter stating "[a]s a result of his significant mental health issues, which includes suicidal thoughts, difficulty focusing and concentrating and sleep disturbances and his cardiac condition, I feel he is unable to work and should be considered for SSD." Tr. 1316.

There is no dispute the ALJ failed to mention ARNP Dekeyser's letter. Plaintiff argues this failure is harmful because "had the ALJ properly considered ARNP Dekeyser's opinion, a greater degree of limitation would have been supported." Dkt. 12 at 4. ARNP Dekeyser opined that due to certain conditions, Plaintiff "is unable to work and should be considered for SSD." Whether Plaintiff is unable to work, and disabled is a determination reserved to the Commissioner. Thus, ARNP Dekeyser's opinion Plaintiff is unable to work is not entitled to special significance. 20 C.F.R. § 404.1527(e).

Additionally, while ARNP Dekeyser also stated Plaintiff has significant mental health issues including suicidal thoughts, sleep disturbance and difficulty focusing and concentrating, these are symptoms which the ALJ noted were contained in Plaintiff's records. The ARNP's statement, however, does not describe the specific degree of limitation caused by these symptoms and thus does not provide a medical opinion the ALJ should have considered regarding Plaintiff's limitations in performing gainful work activity. The Court accordingly finds the ALJ's failure to address ARNP Dekeyser's letter is harmless error.

**B      The Medical Record**

Plaintiff also argues the "record contains ample evidence that the Plaintiff's mental impairments caused more serious limitations than found by the ALJ."[1] Dkt. 12 at 4. Plaintiff contends the ALJ failed to discuss mental health symptoms leading to hospitalizations in 2019 (September, November, and December) and in 2020 (January, June, July, August), and ER visits in September and October 2019, and September 2020. Dkt. 12 at 6. Plaintiff further argues between September 2019 and September 2020, Plaintiff was hospitalized for over 120 days. *Id.* at 8. Plaintiff also argues after his hospitalizations, he continued to receive mental health treatment for ongoing mental health symptoms that are more severe than found by the ALJ.

Plaintiff's argument implies the ALJ did not know about or did not account for Plaintiff's hospitalizations. The Court cannot say the ALJ was unaware or failed to recognize the hospitalizations, and thus failed to consider Plaintiff's hospitalizations as markers of the severity of his mental health symptoms. Rather, the ALJ indicated he was aware of the hospitalization in stating "longitudinally, he treated with multiple modalities including inpatient hospitalizations, therapy and medical with some relief from his symptoms." Tr. 33.

Because the ALJ was aware of the hospitalizations, Plaintiff's argument hinges on his interpretation of the evidence, i.e., based upon his interpretation of the evidence, the ALJ's finding he is not disabled is not supported by substantial evidence. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, the assessment of what weight Plaintiff's hospitalizations should be given have lies as an initial matter lies with the

---

[1] Plaintiff does not contend the record does not support the ALJ's assessment and findings regarding his capacity to perform the full range of work and all exertional levels.

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING - 3

ALJ. While the Court must examine the entire record, the Court cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Hence, even if the Court found that Plaintiff's interpretation is reasonable, the Court cannot simply adopt that interpretation unless it finds the ALJ's interpretation is unreasonable or unsupported. Here, the Court is confronted with a record that is susceptible to more than one reasonable interpretation—Plaintiff's and the ALJ's. In such a situation, the Court is required to uphold the ALJ's interpretation, even if it thinks Plaintiff's interpretation holds water. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (If the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Additionally, even if the Court were to favor Plaintiff's interpretation of the record, the ALJ found the opinions of the reviewing doctors established Plaintiff retains greater functional capacity than Plaintiff claims, and Plaintiff's activities such as the ability to independently, care for himself, shop, socialize on the phone, pay attention and finish what he starts, undercuts Plaintiff's allegations about the severity of his mental health symptoms. The ALJ may properly rely upon medical opinions and Plaintiff's activities in formulating RFC. Plaintiff has not challenged the ALJ's findings in this regard and thus affirms the ALJ's determination of the medical record.

**CONCLUSION**

For the foregoing reasons, the final Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 17th day of October, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge